ELSE AHL, Respondent, v. JOHN H. EMMERICH, as Executor of JOHN H. EMMERICH, Deceased, Appellant.

First Department, February 2, 1960.

*James E. Kelliher* of counsel (*Loretta A. Conway* with him on the brief; *James E. Kelliher,* attorney), for appellant.

*Seymour Joseph* of counsel (*Louis C. Bial* with him on the brief; *Delson, Levin & Gordon,* attorneys), for respondent.

MEMORANDUM BY THE COURT. Judgment in favor of plaintiff after trial reversed on the law and on the facts and the complaint dismissed, without costs to either party, but without prejudice to the bringing by plaintiff of another action or proceeding which she may deem appropriate. The evidence established that the decedent did not intend that plaintiff should have the benefit of both the payment of the alleged debt to her parents and the assignment of the mortgages on the premises in Germany. It is equally clear, however, that decedent intended plaintiff in her lifetime to have the proceeds of the

mortgages, or their equivalent. The deferment until 1981 by decedent of the enforcement of the mortgages and the execution of the acknowledgment of debt were related exclusively to the blocked exchange transaction which was aborted. Plaintiff may be entitled — and on that the court does not pass — to the payment of the 31,000 marks, or their equivalent, provided she rescind or reassign the mortgages. Or it may be that plaintiff is entitled to the cancellation of the instrument of deferment of the mortgages which was executed by decedent. The difficulty is that, while decedent intended a gift to plaintiff, the implementation of the gift was distorted in the effort to release the blocked exchange. After that effort aborted, decedent failed to unravel the transaction, albeit the manifested intention to make a single gift of 31,000 marks remained and remains evident. Plaintiff's appropriate remedy may be here or in Germany. It is regrettable that the parties to this action and the uncle in Germany have not been able to resolve the matter as intended by decedent. On this record, however, the recovery in favor of plaintiff may not stand.

McNally, J. (dissenting). I dissent and vote to affirm the judgment. In my opinion the evidence spells out the intent of the testator that plaintiff, his niece, have the benefit of the payment of the debt to her parents and the assignment of the mortgage on the premises in Germany.

In this action to recover the indebtedness of $7,500 claimed to be due under the written recognition of debt signed by defendant's testator on September 1, 1952, defendant pleaded a general denial and the following defenses: enemy alien status of plaintiff; Statute of Limitations; payment; incapacity on the part of defendant's testator; illegality by reason of certain alleged German currency laws; forgery; and accord and satisfaction. During the trial defendant withdrew the following defenses: enemy alien status of plaintiff; Statute of Limitations; and forgery. On this record, however, the sole question presented is whether the existing assignment of mortgage from the testator to the plaintiff hereinafter described is an accord and satisfaction and hence precludes this action.

On September 1, 1952 defendant's testator assigned the O'Brien mortgage on real property in Germany to the plaintiff, and, in addition, by separate instrument, acknowledged his unconditional indebtedness to the plaintiff in the sum of $7,500, grounded on an advance of 10,000 German marks made to him by plaintiff's parents back in 1913 when he emigrated from Germany to the United States. On the same day, by another

document, the testator certified that the assignment of mortgage was intended to satisfy his said obligation.

Prior to September 1, 1952, the testator had repeatedly expressed his intention, purpose and desire to provide for the plaintiff. On October 3, 1949 the testator wrote: "In any event, my dear Else, you can count upon my assistance. I have invested all the money in shares and securities so that you will not have to rely upon anyone later on, for believe me, Else, I have lived thriftily in order to have something in my old age and I can also not rely upon Hans, since he has enough to do with himself * * * I am glad to be in a position to be able to help you." [Hans is testator's son, the defendant herein.]

The testator's letters of February 13, 1952 and February 21, 1952 establish his specific intention to give to the plaintiff the mortgage assigned to her on September 1, 1952. The parties apparently are in agreement that one of the purposes of the testator's statement of September 1, 1952 was to effect a license by the German authorities and thereby perfect the assignment of the mortgage to the plaintiff. However, the Berlin Central Bank disapproved the assignment on September 2, 1952 and it was not perfected until November 1, 1954, the testator having died in the meantime on April 29, 1953. Nevertheless, it does not appear that the testator at any time made any demand of the plaintiff for the return of the acknowledgment of his indebtedness to plaintiff, which on its face is unconditional, independent of and unrelated to the mortgage assignment.

The intention to create an independent obligation in accordance with the tenor of the instrument sued on is consistent with the testator's general purpose to provide for the plaintiff demonstrated by this record. Moreover, the testator's purpose to unconditionally give the mortgage to the plaintiff was manifest months before the assignment.

The testator was a meticulous and careful person as is evidenced by his correspondence. If, in addition to supplying a basis for the procurement of a government license for the mortgage assignment to the plaintiff, it was the testator's intention to apply the mortgage in satisfaction of the unconditional written indebtedness evidenced by the exhibit attached to the complaint on which this action is grounded, then the latter document would have so stated. Otherwise, as a prudent person, upon the disapproval of the license on September 2, 1952, the testator would have recalled or cancelled either the assignment or the said written evidence of indebtedness, each of which on its face is unconditional. The testator's omission to so do is consistent only with his intention to both give the mortgage and to

acknowledge an absolute obligation to the plaintiff for the sum here sought to be recovered.

The testator's intention to give the mortgage to the plaintiff was evidenced long before September 1, 1952. The initial advance for the mortgage was made on May 18, 1951. On May 28, 1951 the testator executed a general power of attorney to the plaintiff. On June 9, 1951 the testator wrote to plaintiff: "guard the document [the power of attorney] carefully * * *. The money is then naturally also yours."

On February 13, 1952 the testator also wrote to plaintiff: "Please send the assignment to me, so that I can sign it here * * * the loan which I sent I shall then make legal and shall send it to you as a gift. It was anyway intended to be a gift to you."

And on February 21, 1952 the testator wrote to plaintiff: "For the money loaned, O. M. establishes a mortgage in my name, then I have a document drawn by your Dr. Zahn in which I make you, my dear Else, the heir of this mortgage, or I give you the mortgage immediately * * * the money was anyway destined for you."

In addition to the specific intention to give the mortgage to the plaintiff, the record establishes abundantly the testator's general intention and purpose to provide for the plaintiff long prior to September 1, 1952.

The view that the assignment of the mortgage was intended to satisfy the indebtedness places the testator in the role of debtor rather than a benefactor of the plaintiff and is wholly inconsistent with the testator's interest in, concern regarding and relation with the plaintiff as demonstrated by this record.

The defendant failed to sustain the burden of establishing the defenses; contrariwise, the evidence establishes an independent, unconditional obligation to the plaintiff for the sum sought herein.

In my opinion the judgment of the trial court should be affirmed.

BREITEL, J. P., RABIN, VALENTE and STEVENS, JJ., concur in memorandum; McNALLY, J., dissents and votes to affirm in opinion.

Judgment in favor of plaintiff after trial reversed on the law and on the facts and complaint dismissed, without costs to either party, but without prejudice to the bringing by plaintiff of another action or proceeding which she may deem appropriate.